**PALMER, Plaintiff-Appellee, v. PRUNTY et, Defendants-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5740. Decided February 11, 1958.

Robert R. Shaw, Columbus, for plaintiff-appellee
Milton L. Farber, Columbus, for defendants-appellants.
John E. Palcich, Columbus, for W. E. Palmer, defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court rendered in favor of the plaintiff-appellee for the balance due on a certain note which was given as a part of the purchase price for a place of business known as "Palmer Bargain Store."

There is also a cross-appeal from a judgment restraining W. E. Palmer, one of the defendants, from carrying on a competing business in violation of an alleged agreement "not to interfere with the good name and good will of said business" or "to compete or enter into a business under the name 'Palmer Bargain Store' for a period of five years from the date of the execution of the agreement."

The record reveals that Gladys A. Palmer sold the place of business to the defendants, James Prunty and Ruth Prunty, and as a part of the purchase price these defendants executed a note to the plaintiff, which is the subject of this action. The balance due is admitted, but payment was refused because of the alleged breach of contract not to engage in a competing business. The original action was instituted by the payee of the note, Gladys A. Palmer.

The defendants filed an answer to the petition setting forth their purchase of the business, the agreement of the plaintiff and W. E. Palmer, her husband, to refrain from engaging in a competing business, the alleged violation of the agreement by W. E. Palmer, who was made a party defendant, and praying for damages for breach of the contract and an order restraining the Palmers from operating a similar business in accordance with said agreement.

The court rendered judgment for the plaintiff for the amount due on the note and also made an order enjoining the defendant, W. E. Palmer, from engaging in a business similar to that set forth in the purchase agreement. The appellants are prosecuting this appeal for the reason that the court failed to award any damages to the defendants purchasers, proof of which it is urged is supported by the record. The cross-appeal is filed by W. E. Palmer, who is contending that the restraining order against him is contrary to law.

The ultimate question, therefore, presented is whether or not there was a breach of the purchase agreement, and if so, were the Pruntys entitled to any damages for the same. The trial court found that the plaintiff, Gladys A. Palmer, had committed no breach and no error is assigned to this ruling. Therefore, the remaining question is, was a breach of the contract committed by the defendant, W. E. Palmer?

The record reveals that Gladys A. and W. E. Palmer are husband and wife; that the wife owned the business which was sold, but that the same was managed by her husband. The agreement of purchase

designates the wife as the seller and the Pruntys as purchasers. The bill of sale is from the wife alone. The notes and mortgage were made out to the wife and the affidavit in compliance with the sales law was made by the wife. It also appears that she had her own money in the business and the husband had no financial interest in it whatsoever.

The evidence reveals that the husband signed his name to the purchase and sale agreement, together with his wife, but it is claimed by him that it was his intention to sign only as a witness. We do not, however, consider this to be important for the reason that it definitely appears from all of the exhibits that the entire consideration for the purchase of the store moved from the purchasers to the wife and there was no consideration paid to her husband. As in all contracts, consideration is one of the essential elements necessary in order to create a valid contract. In **Lange v. Werk, 2 Oh St 520**, the court laid down the rule in regard to restraint of trade agreements in the syllabus as follows:

"All contracts in general restraint of trade are opposed to public policy and void; and those in partial restraint are also illegal, except when founded upon a valuable consideration, and when good reasons appear for entering into the contract.

"Before such a contract can be enforced, it must appear from the pleadings and proofs: 1. That the restraint is partial; 2. Founded upon a valuable consideration; and, 3. That the contract is reasonable and not oppressive."

See also, **11 O. Jur. 2d, 343, Sec. 114,** and cases noted, all of which support the rule of law announced in the case of Lange v. Werk, supra.

We note that counsel for the appellants relies upon the case of Empson v. Bissinger, 8 O. Dec. Rep. 629, which we have examined and find the facts in this case to be entirely different from those in the case at bar. In the cited case the husband had entered into a contract for the sale of his business and agreed not to engage directly or indirectly in the same business for a term of years. Thereafter, the seller's wife conducted a similar business and employed the husband in the conduct of her business. In this case the court enjoined the husband from assisting the wife, and the wife from employing the husband or selling goods made by him since such employment was but a subterfuge for the carrying on of such business by him. It will be noted also, that in this case the court referred to Lange v. Werk, supra, and said at page 630:

"Before, then, such a contract can be enforced, it must appear from the pleadings and proof, first, that the restraint is partial; second, that it is founded upon a valuable consideration; * * *."

It is our conclusion that W. E. Palmer never owned the business, received no consideration from its sale and therefore was not a party to an enforceable contract preventing his entry into a business of his own choosing. Therefore, the court erred in granting the restraining order against him.

The judgment against W. E. Palmer will be reversed and the action dismissed as to him.

We find no prejudicial error in the judgment for the balance due on the note in favor of Gladys A. Palmer, and the same will be affirmed.

PETREE, PJ, BRYANT, J, concur.